**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **DENNIS HENDERSON,**<br>**Plaintiff,**<br><br>**v.**<br><br>**EDENS CORP.,**<br>**Defendant.** | **CIVIL ACTION**<br><br><br><br>**NO. 09-1308** |

**MEMORANDUM RE: DEFENDANT'S MOTION FOR A MORE DEFINITE STATEMENT AND OTHER OUTSTANDING MOTIONS**

**Baylson, J.** **December 11, 2014**

## I. Background

This case comes before the Court on defendant Edens Corporation's Motion for a More Definite Statement under Federal Rule of Civil Procedure 12(e) (ECF 17). On June 6, 2009 Plaintiff Dennis Henderson filed, pro se, a complaint that appears to assert some form of employment discrimination and/or retaliation claim. Henderson's entire statement of claim reads:

> As I stated I filed a complain in March I believe 2006 E.E.O.C. mediated I was able to as a result of reach a financial settlement with employer after returning to work was told by employer attorney it would not happen again was retaliated for fileing complaint first time which result in financial, emotional, mental hard ship [sic]

Compl. at 1 (ECF 7).

Edens contends that the complaint "fails to set forth the factual and legal basis for [Henderson's] claims against Defendant with sufficient specificity to enable Defendant to prepare a responsive pleading." Edens Memo. of Law at 1-2 (ECF 17 at 5-6). Specifically, Edens requests that Henderson file an amended complaint that sets forth:

     a.     Any and all factual allegations that give rise to his claims against [Edens], including, but not limited to: (i) The date of his alleged return to work following the settlement of his 2006 EEOC Charge of Discrimination; (ii) The alleged retaliatory acts of [Edens] and the date and location of each act; (iii) The identity of any and all individuals who engaged in the alleged retaliatory acts; and (iv) The date(s) of any and all claims made by Plaintiff with the Equal Employment Opportunity Commission (EEOC) and/or a state administrative agency.

     b.     The legal rights that [Henderson] believes [Edens] violated that form the basis for this lawsuit.

Edens Mot. at 2 (ECF 17 at 3).

In two orders entered on September 30, 2014, the Court ordered Henderson to show cause as to why Edens' motion should not be granted (ECF 19) and ordered the Clerk of Court to refer this case to the court's Plaintiffs' Employment Panel for possible appointment of counsel and to place this case in suspense (ECF 20). On November 12, 2014, Henderson filed a motion requesting that the case be moved back onto the Court's active docket and "be ruled on" (ECF 23).

## II.     Discussion of Defendant's Motion for a More Definite Statement

Rule 12(e) allows a party to move for a more definite statement of a pleading that "is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). Such a motion "must point out the defects complained of and the details desired." Id. Rule 12(e) motions are "generally disfavored" and are meant "to provide a remedy for an unintelligible pleading rather than as a correction for a lack of detail." Frazier v. Se. Pennsylvania Transp. Auth., 868 F. Supp. 757, 763 (E.D. Pa. 1994). However, "[w]hen presented with an appropriate Rule 12(e) motion for a more definite statement, the district court shall grant the motion and demand more specific factual allegations from the plaintiff concerning the conduct underlying the claims for relief."

Thomas v. Independence Twp., 463 F.3d 285, 301 (3d Cir. 2006) (discussing Rule 12(e) in the context of resolving qualified immunity issues).

After reviewing Henderson's complaint, the Court concludes that plaintiff must state his claims with more specificity. So far, Henderson has not sufficiently alleged what happened to him, who was involved, and which of his rights were violated. Henderson's complaint suggests that he alleges he was retaliated against for filing a complaint with the EEOC, but he has not adequately alleged what subsequent adverse retaliatory action occurred or how that action was connected to his EEOC complaint.

Additionally, unless the Court is misunderstanding the nature of his claim, Henderson must also allege facts showing that he exhausted his administrative remedies with the EEOC before bringing this lawsuit. Tani v. FPL/Next Era Energy, 811 F. Supp. 2d 1004, 1018 (D. Del. 2011) ("A plaintiff may not file a Title VII or ADA suit in federal court without first exhausting avenues for redress at the administrative level."); Johnson v. Chase Home Fin., 309 F. Supp. 2d 667, 671-72 (E.D. Pa. 2004) (dismissing retaliation claim under Title VII for failure to exhaust administrative remedies). These allegations are currently missing from Henderson's complaint.

In sum, as it is drafted Henderson's complaint does not include enough basic facts for Edens to be able to prepare a response. Edens' motion will be granted and Henderson will be ordered to file an amended complaint within 60 days. The Court suggests that Henderson may benefit from using the Court's standard pro se employment discrimination complaint, which the Court has attached to this memorandum.

## III. Discussion of Henderson's Outstanding Motions

In addition to Edens' motion, there are several of Henderson's motions outstanding on the docket. On August 14, 2014, Henderson filed two motions seeking a default judgment against Edens (ECF 11 and 12). The Court subsequently granted Edens an extension of time to respond to Henderson's complaint (ECF 16) and Edens then filed its motion for a more definite statement. Because Edens has responded to Henderson's complaint by filing its motion, Henderson's motions seeking a default judgment will be denied.

On October 1, 2014, Henderson filed a motion addressed to Judge Savage of this district (ECF 21). The reference to Judge Savage appears to be in response to the Court's August 25, 2014 order that granted Edens an extension of time to respond to the complaint (ECF 16), which Judge Savage signed on behalf of the Court. This case has not been reassigned.

Finally, on November 12, 2014, Henderson filed a motion requesting that this case be taken out of suspense and put back on the Court's active docket (ECF 23). The Court ordered the case placed in suspense to allow time for possible appointment of counsel for Henderson through the Court's Plaintiffs' Employment Panel (ECF 20). If and when Henderson shows adherence to the pleading requirements, the Court may at that time take the case out of suspense.

## IV. Conclusion

An appropriate order follows.

O:\CIVIL 09\09-1308 henderson v. edens\09cv1308.memo.definite.statement.12.11.14.docx